**MEI LING LI**

v.

**HOLDER, A077 353 526**

**Xin Chen**

v.

**U.S. Dep't of Justice, Holder, A073 536 028**

**Tian Yao Dong**

v.

**Holder, A095 381 956**

**Jian Zhen Chen**

v.

**Holder, A072 785 517**

**Dan Dan Wu**

v.

**Holder, A079 774 668**

**Meng Zhao Wang**

v.

**Holder, A073 179 839**

Xian Xiang Lin

v.

Holder, A073 599 598

Li Yin Chen

v.

Holder, A078 725 231

Li Ying Chen

v.

Holder, U.S. Dep't of Justice
A078 412 192

Zhen Yin Guo

v.

Holder, A070 908 560.

Nos. 10–55–ag, 10–2613–ag, 10–4129–ag,
10–4180–ag, 11–321–ag, 11–557–ag, 11–
1363–ag, 11–1791–ag, 11–2080–ag, 11–
2280–ag.

United States Court of Appeals,
Second Circuit.

Aug. 2, 2012.

Charles Christophe, Christophe & Associates, P.C., New York, NY, for Mei Ling Li, et al.

Drew Brinkman, OIL, United States Department of Justice, Washington, DC, for Eric H. Holder.

PRESENT: DENNIS JACOBS, Chief Judge and JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

Each of these petitions challenges a decision of the BIA either denying a motion to reopen or affirming an Immigration Judge's denial of a motion to reopen. The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58, 168–69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, filed motions to reopen based on claims that they fear persecution because they have had one or more children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the BIA's decisions. *See id.* at 158–72.

In *Tian Yao Dong v. Holder*, No. 10–4129–ag and in *Zhen Yin Guo v. Holder*, No. 11–2280–ag, the BIA did not abuse its discretion in declining to credit the petitioners' unauthenticated evidence regarding the family planning policy in light of the agency's underlying adverse credibility determinations. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–47 (2d Cir. 2007).

Petitioners' motions to reopen were also based on their claims that they fear persecution in China on account of their religious practices. The BIA did not err in finding that petitioners failed to demonstrate either material changed country conditions or their prima facie eligibility for relief on this basis. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir.2008); *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted

in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).